UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Miguel A. Rivera, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08 1280 |
| ) | |
| United States Sentencing Commission, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

This matter is before the Court on the petition for a writ of mandamus, in which petitioner seeks to compel the United States Sentencing Commission to "give Amendment 674 Part Nine an independent consideration in accordance with 28 U.S.C. § 994(o) and (p)" and "retroactive affect." Pet. at 12. The Court will grant the accompanying application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a prisoner at the Federal Correctional Institution in Butner, North Carolina. The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). Mandamus relief is not appropriate when, as here, another adequate remedy is available. *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie.").

Because petitioner is in effect challenging his sentence imposed by the United States District Court for the Southern District of Florida, *see* Pet. at 2-4 & Ex. F, his remedy lies exclusively in the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing); *Boyer v. Conaboy*, 983 F. Supp. 4, 6-7 (D.D.C. 1997) ("By contesting the [Sentencing] Commission's authority to promulgate Guidelines that render conspiracy a predicate offense for the career-offender enhancement, Boyer is attacking the legality of his sentence."). An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner has not provided any basis for finding his § 2255 remedy inadequate.

Lacking jurisdiction to entertain the petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

                                                /s/
                                     United States District Judge

Date: July 15, 2008